UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

_____

BUCK D. ALLEN, | Case No. 1:10-cv-502

    Plaintiff, | HONORABLE PAUL L. MALONEY

    v. | Magistrate Judge Joseph G. Scoville

INDEPENDENT BANK CORP.,
INDEPENDENT MORTGAGE CO., and
SMITH, MARTIN, POWERS, KNIER, P.C.,

    Defendants.

_____

## Opinion and Order

**Dismissing the Complaint Without Prejudice for Lack of Subject-Matter Jurisdiction;
Denying the Plaintiff's Motions Without Prejudice as Moot;
Terminating and Closing the Case**

While the *pro se* plaintiff's filings are not entirely clear, the court has learned that defendant Independent Mortgage Company (represented by the defendant law firm, Smith, Martin, Powers, Knier, P.C.) instituted an action in the 65A Judicial District Court in Clinton County, Michigan ("the state trial court") to foreclose on plaintiff's home. The action was given Case No. 10-840-LT and assigned to Judge Wells. Last Monday, May 17, 2010, Judge Wells issued a Judgment against Mr. Allen, stating that if Mr. Buck DeWitt Allen ("Allen") and any other residents did not vacate the foreclosed premises, he would issue an order of eviction against them on Friday, May 28, 2010. *See* Complaint filed May 26, 2010 ("Comp"), Exhibit ("Ex") 5.

On Wednesday, May 26, 2010, Allen filed the instant complaint, as well as an emergency

motion for a temporary restraining order ("TRO") and preliminary injunction ("PI") and several other motions. *See* Docs 1-5. The Magistrate Judge granted Allen's application for *in forma pauperis* ("IFP") status (Doc 6), and Allen filed an amended exhibit list (Doc 7). One of the new exhibits is Judge Wells's denial of Allen's motion for reconsideration.

Allen complained before the state district judge, and continues to complain here, that the document presented and accepted in that court as the original promissory note (related to his home mortgage loan) was in fact something else, presented in order to perpetrate a fraud on him and the court. Allen maintains that he has no land contract or lease with anyone and holds the original deed, making him the only rightful owner and possessor of the premises. *See* Comp Ex 6.

The court concludes that it lacks subject-matter jurisdiction over this matter. Allen is effectively challenging the substance of the Michigan state district court's judgment. Under the *Rooker-Feldman* doctrine, "'lower federal courts do not have jurisdiction to review a case litigated and decided in state court; only the United States Supreme Court has jurisdiction to correct state court judgments.'" *Robinson v. Wheeling & Lake Erie Ry. Co.*, 2009 WL 1015344, *2 (W.D. Mich. Apr. 15, 2009) (Maloney, C.J.) (quoting *Gottfried v. Med. Planning Servs.*, 142 F.3d 326, 330 (6th Cir. 1998)); *see also In re Smith*, 349 F. App'x 12, 13-14 (6th Cir. 2009) (C.J. Batchelder, Suhrheinrich, Sutton) (citing *Marks v. Tennessee*, 554 F.3d 619, 622 (6th Cir. 2009)), *cert. denied sub nom. Smith v. Worthy*, – U.S. –, 130 S.Ct. 1695 (U.S. 2010).

"This is equally true in constitutional cases . . . since federal courts must give 'full faith and credit' to the judicial proceedings of state courts." *Gottfried*, 142 F.3d at 360. "Thus, even if the challenge is that the state court's action was unconstitutional, this court may not entertain the challenge." *Aslani v. Sparrow Health Sys. et al.*, No. 1:2008-cv-298, 2009 WL 3711602, *17 (W.D.

Mich. Nov. 3, 2009) (citing, *inter alia*, *D.C. Ct. of Apps. v. Feldman*, 460 U.S. 462, 485-86 (1983)); *see also Reguli v. Guffee*, – F. App'x –, – , 2010 WL 1252950, *5 (6th Cir. Mar. 31, 2010) (Guy, <u>Clay</u>, Kethledge) ("Even if issued without jurisdiction, the order was still issued by a state court, and Rooker-Feldman bars a federal court from reviewing the constitutionality of that order.").[1]

Nor can Allen circumvent the *Rooker-Feldman* jurisdictional bar by arguing that the 65A Judicial District Court decision was not merely wrong but void *ab initio*. *See Searcy v. Clawson*, 70 F. App'x 907, 907-908 (8th Cir. 2003) (per curiam) (Bowman, Malloy, Smith) ("under the *Rooker-Feldman* rule, 'no federal district court has jurisdiction to decide that the state court judgment was void'") (quoting *Snider v. City of Excelsior Springs, Mo.*, 154 F.3d 809, 812 (8th Cir. 1998)); *see, e.g., Estate of Keys v. Union Planters Bank, N.A.*, 578 F. Supp.2d 629, 636-37 (S.D.N.Y. 2008) (notwithstanding plaintiff's contention that the state Supreme Court proceeded, "in clear absence of all jurisdiction," to defraud and unlawfully deprive her of property because "all persons concerned in [sic] executing such [void] judgments or sentences, are considered, in law, as trespassers," and that "a void judgment/order is a nullity [which] can be challenged and expunged in any State or Federal Court in the U.S.", court held that *Rooker-Feldman* barred federal district-court jurisdiction).

The only legitimate way for Allen to secure federal-court review of the Michigan courts' disposition of this mortgage/foreclosure/eviction dispute is to seek review up to and including the Michigan Supreme Court before coming to federal court. "This is so because 28 U.S.C. § 1257, 'as

---

[1] This is also true if the plaintiff claims that a state-court decision endorsed or permitted state action which violated a *State* Constitution. *See Angle v. Nevada Legislature*, 274 F. Supp.2d 1152 (D. Nev. 2003) (*Rooker-Feldman* barred district court from considering claim that enactment by simple majority vote of a measure to increase taxes violated the State Constitution's provision requiring a 2/3 vote for such an increase), *aff'd sub nom. Amodei v. Nevada State Senate*, 99 F. App'x 90 (9th Cir. 2004).

long interpreted, vests authority to review a state court's judgment solely in the [U.S. Supreme] Court.'" *Schulze v. Claybanks Twp.*, 2009 WL 3586139, *12 (W.D. Mich. Oct. 23, 2009) (quoting *ExxonMobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 292 (2005)); *see also Todd v. Bank of America*, 2010 WL 2011036, *1 (E.D. Mich. May 19, 2010) ("[T]o the extent [that] Plaintiff is challenging a foreclosure proceeding that occurred in state court, the case is barred by the *Rooker-Feldman* doctrine."). *Accord Green v. Mattingly*, 585 F.3d 97103 (2d Cir. 2009) ("[I]f the Family Court had entered a final order . . . and plaintiff had brought this action seeking the return of her child * * * plaintiff could have appealed . . . to higher New York courts and, eventually, to the United States Supreme Court under 28 U.S.C. § 1257. If, at the completion of her appeals, the plaintiff were to bring a § 1983 action in federal court seeking the return of her child, her action would unquestionably 'invite district court review and rejection' of the Family Court's order of disposition and, assuming the other requirements were met, the *Rooker-Feldman* doctrine would likely apply."); *Indus. Comms. & Electronics, Inc. v. Monroe Cty.*, 134 F. App'x 314, 319 (11th Cir. 2005) ("ICE already argued that it had been denied 'just and fair use of its property' in its state court complaint. ICE may not now appeal that ruling by filing a new complaint reiterating the same allegations in federal court. *ICE could have appealed the state court ruling to the Florida appellate courts and the United States Supreme Court* instead of filing a new complaint in federal court collaterally attacking the state court judgment. Under the *Rooker-Feldman* doctrine, the district court lacked jurisdiction over the claim of ICE.") (record citation omitted); *Combs v. Lambert*, 2007 WL 1322327, *5 (E.D. Ky. May 4, 2007) ("This proceeding is a 'textbook' case for application of the *Rooker-Feldman* doctrine. * * * If the plaintiff was not satisfied with the Kentucky Supreme Court's summary rejection of his Motion for Discretionary Review, the plaintiff should have sought permission to

appeal to the United States Supreme Court. Thus, the Court lacks subject matter jurisdiction to entertain this action."), *mot. to amend den.*, 2007 WL 1460357 (E.D. Ky. May 16, 2007); *Patetta v. Wells Fargo Bank, N.A.*, 2010 WL 1931256, *7 (D.N.J. May 13, 2010) (collecting Third Circuit decisions holding that *Rooker-Feldman* barred federal-court review of complaints challenging New Jersey foreclosure proceedings).[2]

Thus, the *Rooker-Feldman* doctrine bars this court from entertaining the instant complaint, as doing so would constitute review of the state trial court's rulings. *Cf. Zerod v. Caprathe*, 76 F. App'x 65 (6th Cir. 2003) (per curiam) (Siler, Batchelder, Cook) (*Rooker-Feldman* deprived district court of jurisdiction to hear former owners' civil-rights complaint attacking state judicial process which determined that they no longer owned real property which State had seized for nonpayment of taxes); *Ritter v. Ross*, 992 F.2d 750 (7th Cir. 1993) (*Rooker-Feldman* barred landowners from bringing federal-court action to challenge state-court foreclose judgment as violative of their due process rights, as they had not yet availed themselves of some state-law, state-court avenues to overturn the foreclosure judgment or recover the proceeds from the government's sale of their land).

Accordingly, the complaint must be dismissed for lack of subject-matter jurisdiction. Allen may attempt an appeal to the appropriate state court, and if necessary to the Michigan Supreme Court. He has not identified any impediment to availing himself of these customary state-court remedies, and the court perceives none.[3]

---

[2]

*Cf. Engle v. Ahmed*, 2009 WL 4072077, *1 (6th Cir. Nov. 24, 2009) (C.J. Batchelder, Siler, Gilman) ("Even if *Rooker-Feldman* does not strip us of jurisdiction to hear Engle's challenge to the constitutionality of the Michigan statute, claim preclusion does. Engle cannot raise now an issue that she previously 'had a full and fair opportunity to litigate ' in the state court action.").

[3]

Allen should not expect success on a reconsideration motion which complains that he now has inadequate time to perfect a timely appeal to the appropriate Michigan appellate court. Any such

**Order**

The complaint is **DISMISSED without prejudice** for lack of subject-matter jurisdiction.

Plaintiff's "emergency motion for temporary restraining order and preliminary injunction" **[document #3] is DENIED without prejudice as moot**.

Plaintiff's motion for writ of mandamus entitled "Superintending Control Mandamus Habeas Corpus" **[document #4] is DENIED without prejudice as moot**.

Plaintiff's motion entitled "liable review of petition of motion to strike a petition in form of motion of reconsideration" **[document #5] is DENIED without prejudice as moot**.[4]

This case is **TERMINATED** and **CLOSED**.

This is a final and immediately appealable order.[5]

**IT IS SO ORDERED this 28th day of May 2010.**

/s/ Paul L. Maloney
Honorable Paul L. Maloney
Chief United States District Judge

---

difficulty is of his own making. The delay occasioned by erroneously coming to this court was Allen's error, and lasted only two days in any event. *Cf. Flathead-Michigan I, LLC v. Sutton's Pointe Dev., LLC et al.* No. 1:09-cv-1006 Doc 65, slip op. at 3 n.1, 2010 WL _____, *__ n.1 (W.D. Mich. May 26, 2010) ("*Flathead*") (after abstaining in deference to earlier-filed state-court action, court remarked, "The plaintiffs should not expect success on a reconsideration motion which complains that it is now difficult for them to assert these claims and issues in the state-court action. Th[at] action has been pending for months – longer than this action – and the record contains no suggestion of any obstacle which legally prevented the plaintiffs from asserting these claims and issues in the state-court action before (and instead of) filing this unnecessary federal action. In short, any difficulty in asserting these claims and issues in the state-court action now are due to the plaintiffs' continuing failure . . .to seek leave to assert them there earlier.").

[4] *See Guardado v. Los Angeles Cty.*, 2010 WL 1946665, *2 (C.D. Cal. May 12, 2010) (after invoking *Rooker-Feldman* to dismiss action challenging state foreclosure proceedings and rulings, court stated, "For these reasons, the Court dismisses plaintiff's complaint in its entirety and plaintiff's *ex parte* applications are denied as moot.").

[5]Because the dismissal is without prejudice and limited to the jurisdictional issue, the court is not issuing a FED. R. CIV. P. 58 Judgment.